UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Crim. No. 3:12-cr-203 (JCH) |
| | : | |
| v. | : | |
| | : | |
| MARYANNE STEPHENS | : | September 12, 2016 |

# **CORRECTED MOTION FOR *FRYE* HEARING**[1]

The government respectfully moves the Court to schedule hearing to canvas the defendant pursuant to *Missouri v. Frye*, 132 S. Ct. 1399 (2012), in connection with a plea offer that the government made to the defendant. The government respectfully requests the Court schedule the hearing as soon as practicable as jury selection is currently scheduled for October 3, 2016.

The defendant has been charged in a three-count indictment with bank fraud, theft of government funds, and aggravated identity theft. She is currently on pre-trial release.

In an effort to resolve the pending charges without trial, on August 9, 2016, the government extended a written plea offer to defendant's counsel, Attorney Robert Kappes. The plea offer carried an expiration date of August 31, 2016. In a cover email that accompanied the plea offer, the government indicated that an August 31st deadline would allow the parties enough time to prepare for trial in the event the defendant rejected the plea offer. However, the government also indicated that it would be willing to discuss options for extending the deadline and giving the defendant more time to consider the plea offer.

The August 31st expiration date passed without any response from the defense. The government contacted Attorney Kappes by email on September 2 and by telephone on September 6, to inform him that the expiration date had passed and to inquire if the defendant had decided to

---

[1] The original motion incorrectly listed the current jury selection date as October 9 instead of October 3.

reject the plea offer or if she needed more time to consider the plea offer. Counsel indicated he had conveyed the plea offer to the defendant but was still waiting to hear back from the defendant. He indicated that he would contact the defendant again. On September 12, counsel indicated he still had not heard back from the defendant regarding the plea offer, which has now expired.

In *Missouri v. Frye*, 132 S. Ct. 1399, 1408 (2012), the Supreme Court held that "as a general rule, defense counsel has the duty to communicate formal offers from the prosecution to accept a plea on terms and conditions that may be favorable to the accused." Indeed, in *Frye*, the Supreme Court determined that "[w]hen defense counsel allowed the offer to expire without advising the defendant or allowing him to consider it, defense counsel did not render the effective assistance the Constitution requires." *Id.* The Supreme Court encouraged the use of procedures to guard against later claims that counsel was ineffective and to ensure that defendants have been fully advised of the plea offers, have had an opportunity to discuss the offers with counsel, and understand the consequences of accepting or rejecting the offers. Specifically, the Court counseled that "formal [plea] offers can be made part of the record at any subsequent plea proceeding or before a trial on the merits, all to ensure that a defendant has been fully advised before those proceedings commence." *Frye*, 132 S. Ct. at 1409 (citing with favor a procedure encouraging parties to "memorialize in some fashion prior to trial (1) the fact that a plea bargain offer was made, and (2) that the defendant was advised of the offer [and] its precise terms, ... and (3) the defendant's response to the plea bargain offer.") (internal citations and quotations omitted)).

Here, the government understands from Attorney Kappes that he conveyed the government's written plea offer to the defendant but he has not received a response from the defendant. To avoid any subsequent claim that the defendant would have accepted the now-expired plea offer, the government respectfully requests that this Court schedule a hearing on the

matter. Given Fed. R. Crim. P. 11(c)(1)'s requirement that "[t]he court must not participate in [plea] discussions," the government respectfully recommends, out of an abundance of caution, that a Magistrate Judge conduct the *Frye* canvas.

The government contacted defense counsel to ascertain whether he has any objection to this motion. Counsel indicated he was still waiting to hear back from the defendant, but he did not indicate whether or not he objects to this motion.

Respectfully submitted,

DEIRDRE M. DALY
UNITED STATES ATTORNEY

/s/
NEERAJ N. PATEL
ASSISTANT UNITED STATES ATTORNEY
Federal Bar No. phv04499
157 Church Street, Floor 25
New Haven, Connecticut 06510
Tel: (203) 821-3700
Email: neeraj.patel@usdoj.gov

CERTIFICATION

I hereby certify that on September 12, 2016, the foregoing Motion was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing. Parties may access this filing through the Court's system.

/s/
NEERAJ N. PATEL
ASSISTANT UNITED STATES ATTORNEY